IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-02512-RBJ-NYW

SARAH DROBEK,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, and
GEICO GENERAL INSURANCE COMPANY,

    Defendants.

---

ORDER

---

This case comes before the Court on defendants' motion for summary judgment, ECF No. 75, and plaintiff's motion for partial summary judgment, ECF No. 78.[1] Defendants (collectively "GEICO") subsequently filed a motion for leave to file a supplemental motion for summary judgment, ECF No. 87, but the Court declines GEICO's request and instead reviews the arguments presented in the original motions alone. Upon review of the briefings, the Court DENIES GEICO's motion for summary judgment. The Court GRANTS in part and DENIES in part plaintiff's motion for partial summary judgment.

---

[1] The Court acknowledges that defendant requested oral argument. ECF No. 79 at n.1. The Court's general practice is to grant argument if requested, but it does not have availability until the week before trial.

1

# I. BACKGROUND

This dispute arises from a state court case filed by Sarah Drobek in 2015, which in turn arises from Patrick Frank's having rear-ended her car on October 3, 2012. ECF No. 3 at 2. Both cars were totaled, and Ms. Drobek sustained injuries. *Id.*

At the time of the crash, Mr. Frank was insured under a GEICO automobile insurance policy ("the Policy"). Section I of the Policy stated that:

> [W]e will pay damages which an *insured* becomes legally obligated to pay because of:
>
> 1. Bodily injury, sustained by a person, and;
>
> 2. Damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or a non-owned auto. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

ECF No. 78-3 at 4 (emphasis in original). The Policy defined an "insured" as follows:

> Section I applies to the following as *insureds* with regard to an *owned auto*:
>
> **1.** you and your relatives . . .
>
> **2.** [omitted]
>
> **3.** any . . . organization for . . . its liability because of the acts or omissions of an insured under **1.** or **2.** above.

*Id.* at 6 (emphasis in original).

Ms. Drobek retained counsel, and in her complaint she asserted that Mr. Frank was working as an employee or agent of Obama for America ("OFA") at the time of the crash. ECF No. 78-7. As such, she brought claims against Mr. Frank for negligence and against OFA asserting vicarious liability. Both were served with the complaint, and on November 12, 2015

Ms. Drobek's counsel forwarded a copy of the complaint to GEICO, together with proof of service on Mr. Frank and OFA.

GEICO hired an attorney to represent Mr. Frank. The attorney filed an answer on Mr. Frank's behalf only, and on November 16, 2015 the attorney offered Ms. Drobek $50,000 to settle Mr. Frank's claims. ECF No. 78-8. Ms. Drobek accepted and released her claims against Mr. Frank. The release and settlement agreement stated:

> It is understood that Sarah Drobek filed suit and made claim against both Patrick S. Frank and Obama for America. In signing this release, Sarah reserves her right to continue with her claim against Obama for America. It is understood this release is solely for the benefit of Patrick S. Frank and is not intended to provide any benefit for or to the remaining defendant, Obama for America.

ECF No. 78-17.

While Mr. Frank responded to Ms. Drobek's complaint, OFA did not. GEICO decided that it need not defend OFA based upon a recorded statement given by Mr. Frank shortly after the accident where he represented that he was not using the car for business or government purposes at the time of the accident. ECF No. 78-9 (Deposition of GEICO employee Henry Cojulun). Because no answer was filed by or on behalf of OFA, on December 7, 2015 the court entered a default against OFA and informed Ms. Drobek that if she wanted a default judgment she should file a motion within 30 days. ECF No. 78-11.

According to the Complaint in the present case, on December 15, 2015 Ms. Drobek's counsel forwarded to GEICO a copy of the court's entry of default in addition to a copy of the return of service on OFA. Counsel's cover letter to GEICO stated, in part, "I wanted to determine if there had been an inadvertent mistake, misunderstanding and/or confusion regarding defense obligations owed to [OFA]. Did some separate liability insurer indicate it was providing

a defense to Obama for America or was the defense of it assigned to a separate lawfirm [sic] by GEICO?" ECF No. 3 at 6. GEICO did not indicate that there was confusion or that some other insurer was defending OFA, and it did not move to set aside the entry of default against OFA. *Id.*

On January 19, 2016 the state court entered judgment against OFA in the amount of $269,972.44 with interest thereafter accruing at 9% per annum. ECF No. 78-12. Ms. Drobek's counsel provided GEICO with a copy of the judgment, and in a letter stated:

> We have repeatedly tried to contact Obama for America as to whether it had its own liability insurance in force for the collision, but have received no response. Thus, the only liability insurance coverage for Obama for America which has been discovered was through GEICO, which provides indemnification to Obama for America through its omnibus clause.

ECF No. 3 at 7.

GEICO again made no effort to vacate or set aside the default judgment. At this point, OFA retained its own lawyer, who filed a motion to vacate the default judgment. ECF No. 78-15. Shortly thereafter OFA withdrew that motion and instead entered into a *Bashor* agreement with Ms. Drobek, whereby OFA assigned any and all rights and claims it might have against GEICO to Ms. Drobek in exchange for Ms. Drobek's covenant to not execute on the default judgment entered against OFA. ECF No. 78-17.

That brings us to the present matter. As an assignee of OFA's claims under the agreement, Ms. Drobek brings the present is insurance coverage suit against GEICO. She asserts three claims against GEICO with regard to its failure to defend OFA in the earlier suit: (1) breach of contract; (2) bad faith breach of insurance contract; and (3) violation of C.R.S. Sections 10-3-1115 and 10-3-1116 for unreasonable denial of payment of a claim for benefits

owed on behalf of OFA. ECF No. 3. She seeks compensatory damages, interest, reasonable attorney's fees and court costs, and pursuant to the statutory claim, two times the covered benefits. *Id.*; *see also* C.R.S. § 10-3-1116.

## II. STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. A dispute about a fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colo., Inc*. v. *City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## III. ANALYSIS

GEICO seeks summary judgment on all claims, asserting that it had no duty to defend or indemnify OFA and therefore breached no contract and did not unreasonably or in bad faith deny OFA of any benefit of the alleged contract. Ms. Drobek seeks partial summary judgment as to GEICO's liability for breach of contract for failing to defend and indemnify OFA.

A. **Duty to Defend.**

Ms. Drobek argues that OFA was covered under the Policy based upon Mr. Frank's employment or agency with OFA, but that under Colorado's "complaint rule" GEICO has a duty to defend OFA even if it ultimately is determined that Mr. Frank was not an employee or agent of OFA.

1. Duty to Defend Based Upon Mr. Frank's Employment or Agency.

Mr. Frank's Policy provided coverage for any organization that was vicariously liable for his actions. ECF No. 78-3 at 6. Therefore, if Mr. Frank was (1) employed by or acting as an agent of OFA at the time of the accident, and (2) was acting in the course and scope of his OFA employment or agency when the accident occurred, OFA would be deemed vicariously liable for Mr. Frank's actions, and GEICO would have had a duty to defend OFA.

The parties disagree as to whether Mr. Frank was employed by or acting as an agent of OFA when the accident occurred. Though one might think that this is a fairly cut-and-dried issue, both parties present enough evidence supporting their positions regarding Mr. Frank's employment that it remains a genuine fact dispute at this stage. Plaintiff represents that immediately after the accident she Ms. Drobek heard Mr. Frank say that he worked for the OFA campaign, and she observed that Mr. Frank was wearing an OFA t-shirt. ECF No. 78-4 at 1. She also points to Mr. Frank's LinkedIn profile which lists his former position as "Regional Field Director" for "Obama for America" from "April 2012–November 2012." *Id.* at 3. She notes the existence of a "recommendation" on Mr. Frank's LinkedIn page from a man named Simon Chaffetz who represents that he worked for "Obama for America" and "reported to Patrick Frank in Larimer, CO." *Id.* at 5. Finally, she provides a copy of Mr. Frank's resume that

6

is posted on his current employer's website in which Mr. Frank represents that he worked for OFA during the time of the accident. *Id.*

GEICO notes that both Mr. Frank and OFA's attorney, Craig Allely, testified in depositions that Mr. Frank was never an employee or agent of OFA. ECF No. 79 at 5. GEICO also provides evidence that Mr. Frank was employed by the Colorado Democratic Party at the time of the accident. *Id.* Finally, GEICO provides testimony from Mr. Allely that it had "[n]o employees whatsoever" in Colorado at the time of the accident. ECF No. 80 at 41.

I find that a genuine fact dispute remains regarding whether GEICO had a contractual duty to defend OFA under the terms of the Policy. It is odd in that Mr. Frank's representations are cited on both sides of the dispute. But summary judgment "is a drastic remedy and should only be granted if there is a clear showing that no genuine issue as to any material fact exists." *AviComm, Inc. v. Colo. Pub. Utils. Comm'n*, 955 P.2d 1023, 1029 (Colo. 1998).

    2. Colorado's "Complaint Rule".

Ms. Drobek argues that resolution of the "was he or was he not an employee or agent" dispute is essentially moot in any event because of what she characterizes as the Colorado "complaint rule." ECF No. 78. She posits that under that rule, GEICO's duty to defend OFA was triggered by the allegations in the complaint regardless of what facts regarding Mr. Frank's association with OFA might eventually come to light.

Colorado's appellate courts have historically been quite liberal in imposing a duty to defend. The "complaint rule" tasks a court with reading the complaint in the underlying action and the parties' insurance policy in order to determine whether the facts alleged against the insured "might fall within the coverage of the policy." *Miller v. Hartford Cas. Ins. Co.*, 160 P.3d

408, 410 (Colo. App. 2007). In other words, a court determines without the aid of additional extrinsic evidence whether the allegations in the underlying action "state a claim which is potentially or arguably within the policy coverage[.]" *Hecla Min. Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991) (internal quotation marks and citation omitted).

Importantly, even if there is "some doubt as to whether a theory of recovery within the policy coverage has been pleaded" in the underlying action, "the insurer *must* accept the defense of the claim." *Id.*; *see Colo. Farm Bureau Mut. Ins. Co. v. Snowbarger*, 934 P.2d 909, 911 (Colo. App. 1997) ("The actual liability of the insured to the claimant [in the underlying action] is not the criterion which places upon the insurance company the obligation to defend."); *see also Hecla*, 811 P.2d at 1089 ("An insurer seeking to avoid its duty to defend an insured bears a heavy burden."); C.R.S § 13-20-808 (discussing the duty to defend and stating that "[t]he long-standing and continuing policy of Colorado favors a broad interpretation of an insurer's duty to defend the insured under liability insurance policies and that this duty is a first-party benefit to and claim on behalf of the insured").

Here, Ms. Drobek's state court complaint expressly named OFA as a defendant and alleged:

> At the time the collision occurred, upon information and belief, Defendant Frank was acting in the course and scope of employment/agency as the regional Field Director for Defendant Obama for America, a foreign non-profit corporation which had been authorized to do business in the State of Colorado for the 2012 election campaign. Obama for America is no longer authorized to do business in the state of Colorado but was at the time of the collision.
>
> Obama for America is vicariously responsible for the negligence/ fault of Defendant Frank and the resulting damages caused to Plaintiff.

*See* ECF No. 78-7 at 2, ¶¶ 8,9. Comparing these allegations with the policy's language that GEICO would cover "[a]ny other person or organization for his or its liability because of acts or omissions of an insured," I conclude that GEICO's duty to defend OFA was triggered. GEICO apparently based its decision not to defend OFA on a statement given by Mr. Frank shortly after the accident where Mr. Frank represented that he was not using the car for business or government purposes at the time of the accident. *See* ECF No. 78-9 (Deposition of GEICO employee Henry Cojulun describing GEICO's interpretation of Mr. Frank's written statement). However, applying the complaint rule, that statement was not relevant to the duty to defend.[2] The Court GRANTS Ms. Drobek's motion for summary judgment regarding GEICO's duty to defend OFA.

B. **Duty to Indemnify.**

"[W]here there is a duty to defend, there is not necessarily a duty to indemnify." *Constitution Assoc. v. New Hampshire Ins. Co.*, 930 P.2d 556. 563 (Colo. 1996). "The duty to defend arises where the claims even potentially fall within the policy's coverage, but the duty to indemnify is only triggered where the policy actually covers the alleged harm." *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 300 (Colo. 2003). "The determination of whether a duty to indemnify exists requires factual development, as it is largely a question of fact." *Id.* at 301 (Colo. 2003). "Our consistent recognition that the trigger for the duty to

---

[2] The complaint rule has two exceptions for when an insurer can look beyond the four corners of the complaint to determine its scope of coverage. The first exception, as articulated in *Pompa v. American Family Mutual Ins. Co.*, 520 F.3d 1139, 1145–47 (10th Cir. 2008), permits an insurer to consider the fact of an insured's conviction in determining coverage even if the conviction was not pled in the complaint. The second exception allows an insurer to consider allegations contained in separate but factually related complaints. *See Apartment Inv. & Mgmt. Co. (AIMCO) v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1190 (10th Cir. 2010). Neither of those scenarios is present in this case and therefore the exceptions are inapplicable.

9

indemnify must normally await a determination of *actual liability* presupposes that indemnity flows from the nature of the ultimate verdict, judgment or settlement." *Id.* (emphasis added).

Ms. Drobek argues that GEICO had a duty to indemnify OFA for the default judgment issued against OFA in underlying case. She argues that because the default judgment held OFA responsible for damages resulting from Mr. Frank's actions, OFA was rendered an "insured" entitled to indemnification under Mr. Frank's Policy.[3] *See* ECF No. 78-12. However, because of the material fact dispute regarding Mr. Frank's association with OFA, I disagree.

It is true that the Colorado Supreme Court in *Cyprus* noted that a judgment against an insured generally triggers an insurance company's duty to indemnify. *See Cyprus*, 74 P.3d at 300. It is also true that at least one Colorado court found that an insurer's duty to indemnify arose when a default judgment was obtained against their insured. *Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 228 (Colo. App. 2002). However, the *Cyprus* court emphasized that it is crucial for courts to analyze the specific facts of the case in determining whether a duty to indemnify exists. *Cyprus*, 74 P.3d at 301 ("Our consistent recognition that the trigger for the duty to indemnify must normally await a determination of *actual liability* . . .") (emphasis added); *see also Hecla*, 811 P.2d at 1086 (holding that the issue of the insurer's duty to indemnify could only be determined after actual liability of the insured party was established). "When the facts pled, claims asserted and relief sought do arguably include a loss for which an insured would potentially be liable, that cannot be the end of the inquiry. Rather, at that point, the court must look to the facts as they developed at trial and the ultimate judgment." *Cyprus* at 301.

---

[3] Though the default judgment is technically still in force, Ms. Drobek promised to never enforce the default judgment against OFA under the *Bashor* agreement.

Here there was no trial, and the ultimate judgment took the form of a default judgment. A default judgment is not a judgment on the merits and can be set aside by motion. *Sumler v. Dist. Court, City & Cty. of Denver*, 889 P.2d 50, 56 (Colo. 1995). As such, while a default judgment is an enforceable judgment, it is not particularly informative in assessing whether GEICO had a duty to indemnify OFA because no factual findings were made regarding OFA's *actual* liability.

Indeed, the facts before me raise concerns about whether OFA was actually liable for Mr. Frank's actions—it is not at all clear that Mr. Frank worked for OFA as an employee or an agent, or that if Mr. Frank was associated with OFA whether the accident took place during the course and scope of Mr. Frank's employment or agency. I cannot determine whether GEICO had a duty to indemnify OFA until the underlying claims regarding OFA's actual liability are resolved. *Hecla*, 811 P.2d at 1098. It would be premature to summarily mandate that GEICO pay damages for its failure to indemnify OFA before settling the issue of whether OFA was liable for Mr. Frank's actions. Therefore, because a material issue of fact regarding GEICO's duty to indemnify persists, I DENY Ms. Drobek's motion for summary judgment on her duty to indemnify claim.

## IV. CONCLUSION

I DENY GEICO's motion for summary judgment as a material fact dispute remains. I GRANT in part and DENY in part Ms. Drobek's motion for summary judgment, finding that GEICO breached its duty to defend OFA, but that GEICO's duty to indemnify OFA cannot be determined until the aforementioned fact dispute is resolved.

DATED this 23rd day of July, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge